# EXHIBIT A

Fulton County Superior Court
***EFILED***QW
Date: 10/15/2019 1:29 PM
Cathelene Robinson, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| JAMES DOSSETT on behalf of himself and and all others similarly situated, **Plaintiff,** vs. FIRST ADVANTAGE BACKGROUND SERVICES CORP., **Defendant** | ) Case No.: 2019CV328090 ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Blake Andrews
Blake Andrews Law Firm, LLC
1831 Timothy Drive
Atlanta, GA 30329

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___15TH___ day of ___OCTOBER___, 20_19_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
\*\*\*EFILED\*\*\*QW
Date: 10/15/2019 1:29 PM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| JAMES DOSSETT on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRST ADVANTAGE BACKGROUND SERVICES CORP., <br><br> Defendant. | Case No. 2019CV328090 <br><br> **CLASS ACTION COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff James Dossett ("Plaintiff"), by and through his attorneys, on behalf of himself and the Class set forth below, bring the following Class Action Complaint against First Advantage Background Services Corp. ("First Advantage" or "Defendant").

### INTRODUCTION

1. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA. Defendant has willfully violated the FCRA by systematically reporting adverse information on consumers which antedates the report by more than seven years, violating 15 U.S.C. § 1681c(a), which explicitly prohibits including such information.

3. Despite having been sued and settling a class action case regarding reporting criminal charges older than seven years where the information in the "disposition" field indicated that the person had not been convicted, Defendant has continued to report non-conviction offense information older than seven years by including information in the "sentence" field showing that

the person was charged (but not convicted of) a more serious offense.

## THE PARTIES

4. Plaintiff James Dossett is an individual person and a resident of Lawrenceville, Georgia.

5. Defendant First Advantage is a consumer reporting agency headquartered in Atlanta, Georgia.

6. Defendant is a consumer reporting agency as defined by the FCRA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

8. Pursuant to Ga. Const. Art. VI § IV, ¶ I, this Court has jurisdiction over this matter.

9. Venue is proper in this Court pursuant to Ga. Const. Art. VI § II, ¶ VI. Defendant resides and is headquartered in this County.

## STATUTORY BACKGROUND

10. Enacted in 1970, the FCRA's passage was driven in substantial part based on concerns that consumer reports were being used for employment purposes without adequate protections against the harms caused by widespread errors and inaccuracies.

11. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

2

12. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies, including public record information like criminal history. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

13. The FCRA also governs the information that can be included in reports that consumer reporting agencies provide. Certain items of information are too old to report and may not be included. Section 1681c(a) prohibits the reporting of:

> (1) Cases under Title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.
>
> (2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> (3) Paid tax liens which, from date of payment, antedate the report by more than seven years.
>
> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.
>
> (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .

15 U.S.C. § 1681c(a).

14. Any information that falls into these categories cannot be reported in the employment context unless the salary for the position to which the report is attached is $75,000 or more per year. *Id.* § 1681c(b)(3).[1] Plaintiff's salary would not have reached this threshold.

---

[1] *See also Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825, at *3-4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer

3

15. Defendant willfully fails to exclude information that predates reports by more than seven years as required by Section 1681c(a).

16. The inclusion of this information defeats Congress's goal of excluding prejudicial information after the passage of time. Congress passed Section 1681c in recognition of the fact that old information about negative events can have an unfairly prejudicial effect because the negativity of the event overwhelms the fact that the event is old. As noted by Senator Proxmire during the passage of the FCRA, "One of the common irrelevancies perpetuated by credit reporting agencies is furnishing information on minor offenses committed many years ago." 115 Cong. Rec. 2412 (1969) (Statement of bill sponsor Sen. Proxmire).

17. Another legislator explained that the FCRA's protections represented "new safeguards to protect the privacy of employees and job applicants;" the Act as a whole, he continued, was "an important step to restore employee privacy rights." 140 Cong. Rec. H9797-05 (1994) (Statement of Congressman Vento); *see also* 138 Cong. Rec. H9370-03 (1992) (Statement of Congressman Wylie) (stating that the FCRA "would limit the use of credit reports

---

reporting agency may not include any adverse item of information other than a 'record of conviction' not a 'record of dismissed charges'"); *Haley v. Talentwise, Inc.*, 9 F. Supp. 3d 1188, 1192 (W.D. Wash. 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (citing *Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Pa. 2008)); *Dunford v. Am. DataBank, LLC*, No. C 13-03829 WHA, 2014 WL 3956774, at *14 (N.D. Cal. Aug. 12, 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *King v. Gen. Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (FCRA's requirement excluding obsolete records of arrest comported with commercial speech doctrine); *Dowell v. Gen. Info. Servs., Inc.*, 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb. 20, 2014) (stating that dismissed charges, even if associated with a conviction, may not be reported under the FCRA).

4

for employment purposes, while providing current and prospective employees additional rights and privacy protections").

18.     Consumers' interest in not having old information disclosed is deeply rooted in privacy concerns. According to the federal government, "Section 1681c's restrictions on disclosing older adverse information serve the governmental interest in protecting individuals' privacy." Mem. of the U.S. in Supp. of the Constitutionality of §1681c of the FCRA, *King v. Gen. Info. Servs., Inc.*, No. 2:10-cv-6850, ECF No. 52 at 10 (E.D. Pa. May 3, 2012). The restriction of access to information, even information that is otherwise publicly available, has been recognized by the Supreme Court as implicating privacy concerns and as being grounded in common law. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989) (finding privacy right in not having a "rap sheet" consisting of a compilation of publicly available information).

19.     Numerous academics have also noted that the FCRA enshrines privacy by recognizing the link between protecting individual privacy and forbidding the disclosure of old information. *See* Steven C. Bennett, The "Right to Be Forgotten": Reconciling EU and US Perspectives, 30 Berkeley J. Int'l L. 161, 167 (2012) (citing the FCRA's bar on reporting outdated information as an example of "'data minimization' (a form of the right to be forgotten)" which "has long been a central element of 'fair information practices'"); Meg Leta Ambrose, It's About Time: Privacy, Information Life Cycles, and the Right to Be Forgotten, 16 Stan. Tech. L. Rev. 369, 378–79 (2013) ("the Fair Credit Reporting Act generally disallows the use of information older than seven years that may cast the consumer in negative or unfavorable

light...the hope is that the information no longer represents the individual and would limit her opportunities if it were attached to her name as she moves through life").

20. Even a reference that "suggest[s] the existence" of impermissible outdated information is a violation of the FCRA. *Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688, 692 (E.D. Pa. 2008).

21. By failing to provide Plaintiff with the "fresh start" mandated by Congress, and by failing to respect the privacy of Plaintiff's information, Defendant presented a portrait of Plaintiff to prospective employers that was worse than it would have been had Defendant followed the law. This violation of law was a concrete harm. *Gambles v. Sterling Infosystems, Inc.*, 15-cv-9746, ECF No. 72 (S.D.N.Y. Feb. 13, 2107); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *5–6 (N.D. Cal. July 26, 2016) (plaintiff suffered concrete injury sufficient to sue under 15 U.S.C. § 1681c(a) and § 1681e(b) when defendant created background report including arrests of plaintiff more than seven years old, because defendant "published plaintiff's stale arrests . . .[and] thereby sent restricted information about plaintiff into the world and as such caused injury to plaintiff's privacy interest").

22. Defendant's practice reporting outdated adverse information violates a fundamental protection afforded to consumers under the FCRA, is contrary to the unambiguous language of the statute, and is counter to longstanding judicial and regulatory guidance. *See, e.g.*, FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Infosystems, Inc.*, 557 F.

Supp. 2d 688 (C.D. Cal. 2008) (holding that the FCRA prohibits even *alluding* to existence of unreportable adverse information).

## ALLEGATIONS RELATING TO PLAINTIFF

23. In December 2018, Plaintiff applied to work at Walmart. As part of that application, Walmart purchased a consumer report about Plaintiff from Defendant.

24. The report is divided into sections with each section corresponding to a case.

25. Each case has the following fields has multiple fields, including "Case Date," "Charge Type," "Disposition," "Disposition Date," and "Sentence."

26. Defendant's report includes information regarding a 2008 misdemeanor conviction for "Theft by Taking" and a 2001 misdemeanor conviction for "Harassing Phone Calls."

27. However, despite the fact that Plaintiff was only ever convicted of a misdemeanor, the "sentence" field on the report states that the charge was "AMENDED FROM THEFT BY TAKING – FELONY."

```
Full matched by the following identifiers: Last Name, First Name, Middle Name, Name, DOB
Case Reference #        08-B-01749-5
Case Date               15/Feb/2008
Name on File            JAMES ANTOINE DOSSETT
Address on File         1304 SHELDON WAY, LAWRENCEVILLE, GA
DoB on File             09/29/XXXX
Charge                  THEFT BY TAKING
Charge Type             MISDEMEANOR
Disposition             GUILTY
Disposition Date        12/Aug/2008
Sentence                PROBATION 12 MONTHS; FINE 725; CHARGE AMENDED FROM THEFT BY TAKING- FELONY
```

28. Plaintiff was never convicted of felony theft by taking.

29. Similarly, in the "sentence" field related to Plaintiff's misdemeanor charge for harassing phone calls, Defendant states that the charge was "AMENDED FROM STALKING – FELONY."

7

```
Full matched by the following identifiers: Last Name, First Name, Middle Name, Name, DOB
Case Reference #      01-B-02427-5
Case Date             20/Jun/2001
Name on File          JAMES ANTOINE DOSSETT
DoB on File           09/29/XXXX
Charge                HARASSING PHONE CALLS
Charge Type           MISDEMEANOR
Disposition           GUILTY
Disposition Date      15/Nov/2001
Sentence              PROBATION 12 MONTHS; PROBATION REVOCATION 10/02/2002- REVOKED BALANCE TO
                      CORRECTIONAL INSTITUTE WITH CREDIT FOR TIME SERVED; FINE 625; CHARGE AMENDED
                      FROM STALKING - FELONY
```

30.     Plaintiff was never convicted of felony stalking.

31.     Defendant's reporting of the more severe charge which was more than seven years old for which Plaintiff was not convicted constitutes reporting outdated criminal history information forbidden the FCRA. *See Moran v. Screening Pros, LLC*, 923 F.3d 1208, 1216 (9th Cir. 2019) ("Reporting the dismissal alone would reveal the existence of the charge, which after seven years, constitutes outdated criminal history information.").

32.     Defendant's reporting of the more serious charges that were amended and dismissed was unreasonable and willful.

33.     Defendant knows that its report on Plaintiff is subject to the FCRA, the report references the FCRA, and Defendant requires its employer-clients to certify compliance with the FCRA.

34.     Defendant is also aware of the numerous court decisions cited herein forbidding the reporting of outdated non-conviction information.

8

35. Indeed, Defendant has previously been sued and settled a class action case for reporting outdated, dismissed charges in the "Disposition" field of their reports. *Bankhead v. First Advantage Background Services Corp.*, Case No. 1:17-cv-2910-LMM (N.D. Ga.) (class action settlement for $1,975,000). Plaintiff was not a member of the *Bankhead* class.

36. As part of the process of assembling consumer reports, Defendant utilizes a variety of algorithms and filters to aggregate and consolidate information from a variety of sources.

37. It is standard practice for consumer reporting agencies to write filters and algorithms "to filter out obsolete credit information." See www.naca.net/issues/credit-reporting-problems.

38. Defendant, consistent with standard industry practices, could have written an algorithm or filter to ensure that all of its reports would exclude mention of any amendments to charges older than seven years. *See In the Matter of General Information Services, Inc.*, No. 2015-CFPB-0028, ¶ 26-27 (Oct. 29, 2015) (noting that a consumer reporting agency "possess[ed] certain proprietary software that identifies discrepancies in data across multiple traditional criminal history reports. For example, this software could identify a record that was previously suppressed from a report because it had been dismissed or expunged and prevent it from appearing on a future report").

39. It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007). By failing to utilize a purge

date for outdated information, Defendant's practices and procedures fall far below industry standards and constitute recklessness.

40. Defendant failed to implement these algorithms, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

41. Defendant also failed to have the report properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of 15 U.S.C. § 1681c(a). Had Defendant had a properly trained individual review this report, this problem would have been easily detected.

42. Defendant has negligently and willfully violated 15 U.S.C. § 1681c(a) by routinely including referencing dismissed .

43. As a result of Defendant's conduct, job applicants, such as Plaintiff, appear to be worse job candidates than they would be if Defendant only reported information it is allowed to report under the law.

## CLASS ALLEGATIONS

44. Plaintiff asserts her FCRA claims on behalf of the Class defined below:

> All natural persons upon whom Defendant produced a report at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case which included information (1) referencing charges that had been amended or dismissed; (2) where the amended or dismissed charges were older than seven years old; and (3) where the charge was a not a criminal conviction.

45. <u>Numerosity</u>:  The Class is so numerous that joinder of all class members is impracticable.  Defendant produces reports nationwide, and has produced thousands of reports on consumers during the class period, many of whom are members of the Class.

46. <u>Typicality</u>: Plaintiff's claims are typical of the class members' claims. Defendant treated Plaintiff in the same manner as other class members.

47. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation.

48. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. These common questions include:

   a. Whether Defendant violated the FCRA by reporting outdated, amended charges in violation of §1681c;

   b. Whether Defendant's violation was willful; and

   c. The proper measure of statutory and punitive damages.

49. Class certification is appropriate under the Ga. Code. § 9-11-23 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims

brought against Defendant by any members of the Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

50. The Class can be identified. Defendant maintains copies of consumer reports for at least two years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify charges which pre-date the date of the report by more than seven years.

## CLAIM FOR RELIEF
## 15 U.S.C. § 1681c(a)
### *Failure to Follow Reasonable Procedures*
### *On Behalf of all Plaintiff and the Class*

51. Plaintiff incorporates the paragraphs above.

52. Defendant failed to comply with 15 U.S.C. § 1681c by reporting adverse information which was older than seven years and which was not a criminal conviction.

53. The foregoing violations were negligent.

54. The foregoing violations were willful.

55. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681c. In addition to the allegations above, Defendant's negligent and willful conduct is reflected by, among other things, the following:

    a. Defendant has previously been sued for violating § 1681c but took no action to avoid the violations complained of here;

    b. The FCRA was enacted in 1970. Defendant has had years to become compliant;

    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;

    e. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

56. Plaintiff and the Class are entitled to actual and/or statutory damages of not less than $100 and not more than $1,000 per violation. Plaintiff and the Class are also entitled to punitive damages and to recover costs and attorneys' fees.

## PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

    a. Determining that this action may proceed as a class action under Ga. Code. § 9-11-23;

    b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Class;

    c. Issuing proper notice to the Class at Defendant's expense;

    d. Declaring that Defendant violated the FCRA;

    e. Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f. Awarding actual, statutory and punitive damages as provided by the FCRA;

g. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class demand a trial by jury.

Respectfully submitted,

Dated:  October 10, 2019

s/Blake Andrews
Blake Andrews, Bar No. 019375
BLAKE ANDREWS LAW FIRM, L.L.C.
1831 Timothy Drive
Atlanta, GA 30329
Tel.: 770.828.6225
Fax: 866.828.6882
blake@blakeandrewslaw.com

BERGER MONTAGUE PC
E. Michelle Drake, Bar No. 229202
John G. Albanese, MN Bar No. 0395882
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone:  (612) 594-5999
Facsimile:  (612) 584-4470
emdrake@bm.net
jalbanese@bm.net

*Attorneys for Plaintiff*

Fulton County Superior Court
***EFILED***QW
Date: 10/15/2019 1:29 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of _____Fulton_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed 10/15/2019 MM-DD-YYYY | Case Number 2019CV328090 |

**Plaintiff(s)**
James Dossett

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
First Advantage Background Services Corp.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney  Gary Blaylock "Blake" Andrews, Jr.    Bar Number 019375    Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

Bankhead v. First Adv., 2017CV291753
**Case Number**                                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. N/A
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
N/A

Version 1.1.18